| | |
|---|---|
| 1 | KEVIN HAHN, #231579 |
| 2 | MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive, Second Floor<br>Irvine, California 92612 |
| 3 | (949) 252-9400 (TELEPHONE)<br>(949) 252-1032 (FACSIMILE) |
| 4 | |
| 5 | Attorneys for Movant |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION**

| | |
|---|---|
| In re | ) Bankruptcy Case No. 09-13893 |
| JENY N. MUNOZ, | ) R.S. No. KH-519 |
| Debtor. | ) Chapter 7 |
| HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET BACKED, PASS THROUGH CERTFICATES, SERIES 2005-2, and its successors and/or assignees, | ) **HSBC BANK USA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM STAY**<br><br>HEARING DATE:<br>DATE: FEBRUARY 11, 2010<br>TIME: 9:00 AM |
| Movant, | |
| vs. | |
| JENY N. MUNOZ, Debtor, and JEFFRY LOCKE, Trustee, | |
| Respondents. | |

**TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR OPTEUM MORTGAGE ACCEPTANCE CORPORATION ASSET BACKED, PASS THROUGH CERTFICATES, SERIES 2005-2, and its successors and/or assignees ("HSBC BANK USA"), hereby files this Memorandum of Points and Authorities in support of its Motion for Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 7 case.

# I.

## INTRODUCTORY STATEMENT

HSBC BANK USA requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion. The Property is being surrendered as stated in the Statement of Intentions.

# II.

## STATEMENT OF FACTS

1. **The Secured Debt.** On or about September 20, 2005, JENY N. MUNOZ made and delivered a Promissory Note in the original principal amount of $318,800.00, secured by a First Priority Deed of Trust on the Property commonly known as 235 COGHLAN STREET VALLEJO, CA 94590 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the July 1, 2008 payment. As a result of the default, a Notice of Default and Election To Sell was recorded against the Property on January 7, 2009. The Notice of Sale was published on April 10, 2009 and a foreclosure sale was scheduled for April 29, 2009. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtor's Interest In The Property.** The Debtor is the owner of record of the Property.

4. **The Filing Of The Instant Petition.** On or about November 18, 2009, JENY N. MUNOZ filed the instant Chapter 7 Petition as Case No. 09-13893.

5. **The Total Indebtedness Under The Note.** The total indebtedness owed to HSBC BANK USA, exclusive of attorneys' fees, is as follows:

| | |
|---|---|
| Principal Balance: | $ 318,800.00 |
| Interest Accrued from June 1, 2008 to November 21, 2009 | $ 29,079.58 |
| Total Fees: | $ 45.00 |
| Late Charges: | $ 1,135.74 |

| | | | |
|---|---|---|---|
| 1 | Other Fees Due: | $ | 189.00 |
| 2 | Recoverable Balance: | $ | 3,045.38 |
| 3 | **TOTAL:** | $ | **352,294.70** |

6. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---|
| 1. HSBC BANK USA (1st trust deed) | $ 352,294.70 |
| 2. REAL TIME RESOLUTION, INC. (2nd trust deed) | $ 89,419.37 |
| **TOTAL** | **$ 441,714.07** |

7. **The Value Of The Property.** By the Debtor's own admission, the Property has a fair market value of only $109,000.00. Accordingly, there is no equity in the Property to benefit the Debtor or the estate. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "4."

### III.

### RELIEF FROM STAY SHOULD BE GRANTED UNDER
### SECTION 362(d)(2) BECAUSE THERE IS NO
### EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT

The evidence demonstrates that there is no equity in the Property. By the Debtor's own admission, the Property has a fair market value of $109,000.00 while the total indebtedness on the Property is $441,714.07. Based on the foregoing and the liquidation nature of this Chapter 7 proceeding, the stay should be terminated immediately. HSBC BANK USA has satisfied its burden under Section 362(d)(2).

///
///
///
///
///

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER
## SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR MOVANT.

The evidence demonstrates that HSBC BANK USA is not protected by an adequate protection cushion. By the Debtor's own admission, the Property has a fair market value of $109,000.00 while the total amount owed to HSBC BANK USA is $352,294.70. Based on the foregoing, the stay should be terminated immediately. HSBC BANK USA has satisfied its burden under Section 362(d)(1).

## V.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER
## SECTION 362(d)(1) FOR CAUSE AS THE PROPERTY IS BEING SURRENDERED.

The Property is being surrendered as stated in the Statement of Intentions. Based on the foregoing, the stay should be terminated immediately. HSBC BANK USA has satisfied its burden under Section 362(d)(1).

## VI.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, HSBC BANK USA requests that the Court take judicial notice of the following facts:

1. The Debtor contends that the Property has a fair market value of $109,000.00. See Exhibit "4."

2. In addition to HSBC BANK USA's lien, the Property is encumbered by a second deed of trust in the amount of $89,419.37. See Exhibit "4."

3. The Property is being surrendered as stated in the Statement of Intentions. See Exhibit 5."

///
///
///

# VII.
# CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow HSBC BANK USA to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: January 20, 2010　　　　　　　　Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/ *Kevin Hahn*
　　　KEVIN HAHN
　　　Attorneys for Movant